## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

ELITE HVAC GROUP, LLC and SOLAR BEAR SERVICES LLC, including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, and IRAJ JAKE NADJMAZHAR, DUANE RAPSON and DAVID EVELAND, including all their heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants"), and LIDYCE GONZALEZ including her heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Confidential Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of her employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. As part of this Agreement, Defendants also agree that they dismiss their Counterclaim with prejudice brought in this action, and fully release the Plaintiff from same as to all allegations. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:
   a) Title VII of the 1964 Civil Rights Act
   b) The Civil Rights Act of 1991
   c) The Age Discrimination in Employment Act
   d) The Older Workers Benefit Protection Act
   e) The Equal Pay Act
   f) The Fair Labor Standards Act ("FLSA")
   g) The Employee Retirement Income Security Act (ERISA)
   h) The Americans with Disabilities Act of 1990
   i) The Rehabilitation Act of 1973
   j) The Family and Medical Leave Act of 1993
   k) 42 U.S.C. §§ 1981, 1985(3), and 1986
   l) The Occupational Safety and Health Act
   m) Chapter 760, Florida Statutes
   n) The Florida Private Whistle-blower's Act of 1991
   o) Chapter 11A of the Miami-Dade County Code



Case 1:15-cv-22841-JAL Document 15-2 Entered on FLSD Docket 09/10/2015 Page 2 of 8

2. This Release includes all claims which were, or could have been, asserted in the lawsuit styled *GONZALEZ v. ELITE HVAC GROUP, LLC*, et al., Case Number 15-22841-CIV-JAL currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

   **Consideration.** In consideration of the promises of Plaintiff as set forth herein, the Defendants agree to settle this matter in the total amount of Six Thousand Five Hundred Dollars and No Cents ($6,500.00). This total settlement shall be paid to office of Plaintiff's counsel in a single check payable to <u>Client Trust Account of J.H. Zidell, P.A.</u> no later than (10) business days after the Court approves this Agreement.

   Of the settlement proceeds, Plaintiff shall receive a total of ($3,150), and Plaintiff's Counsel shall receive a total of ($3,350) as payment for fees and costs incurred in this case [$750 of that total to Plaintiff's Counsel represents costs].

3. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

4. **Non Disparaging Remarks and No Re-hire or Re-application.** The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide a neutral reference regarding dates of employment, and/or positions held, and/or rates of pay. Plaintiff understands that as part of this Agreement, she shall not be re-hired by any of the Defendants and she agrees also to not re-apply for employment with any of the Defendants.

5. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

   a) **Dismissal of Lawsuit.** The parties agree to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order. As part of this Agreement, Defendants also agree that they dismiss their Counterclaim with prejudice brought in this action, and fully release the Plaintiff from same as to all allegations.

6. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

7. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

8. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

9. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

10. **Confidentiality:** By receipt of the Settlement Amount set forth above, the Plaintiff expressly agrees that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendants or any other persons, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) Plaintiff's counsel; (4) Plaintiff's Accountant; (5) for reporting to Taxing authorities; (6) Plaintiff's spouse; (7) or when otherwise required by law. As to the terms of this agreement, Plaintiff may only state that the dispute has been "resolved." The prevailing party to a suit for any alleged breach of this Confidentiality Provision is entitled to all attorneys' fees and costs, jointly and severally, from the non-prevailing party/parties.

11. **Default**: Should Defendants fail to make payment of the settlement funds pursuant to this Settlement Agreement or should any check be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via email to Defense Counsel. In the event Defendants fail to cure said breach within (3) business days, Plaintiff shall be entitled to a default final judgment against all Defendants, jointly and severally, for the full amount of this settlement, less any amounts already paid, plus an additional penalty of ($5,000). Plaintiff's attorneys shall be entitled to any fees and costs incurred in enforcing said settlement agreement.

12. **ADEA and OWBPA Waiver.** Plaintiff specifically also agrees that she is releasing any and all claims for age discrimination under the Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), and any federal, state or local fair employment acts arising up to the date of his execution of this Agreement. Plaintiff further agrees that: (i) she is hereby advised to consult with an attorney of her choice prior to the execution of this Agreement; (ii) she has been given twenty-one (21) days from the date of receipt of this Agreement to decide whether or not to execute it; and (iii) she has seven (7) days from the execution of this Agreement to revoke its execution, in which case this Agreement becomes null and void if Employee elects revocation in that time. Plaintiff acknowledges, understands, and agrees that any such revocation must be in writing. In the event that Employee exercises her right of



Case 1:15-cv-22841-JAL Document 15-2 Entered on FLSD Docket 09/10/2015 Page 6 of 8

revocation, neither Defendants nor the Plaintiff will have any obligations under this Agreement.

By: _____
LIDYCE GONZALEZ

Date: _____

ELITE HVAC GROUP, LLC

By: _____
Name: _____
Title: _____
Date: _____

SOLAR BEAR SERVICES LLC

By: _____
Name: _____
Title: _____
Date: _____

By: _____
    IRAJ JAKE NADJMAZHAR
    Date: _____

By: _____
    DUANE RAPSON
    Date: _____

By: _____
    DAVID EVELAND
    Date: _____

